# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KEVIN GOMEZ, | CV F   04 5495 OWW LJO P |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND (Doc. 9) |
| v. | |
| ALAMEIDA, et. al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK FORM |
| Defendants. | ORDER GRANTING PLAINTIFF 30 DAYS TO FILE SECOND AMENDED COMPLAINT |

Jeffrey Kevin Gomez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on January 24, 2003, in the U.S. District Court for the Northern District of California. The action was subsequently transferred and received in this court on March 29, 2004. Plaintiff initially named Edward Alameida, Director of Corrections; Warden Scribner, Capt. J.R. Andrews, Assistant Warden D. Ortiz, Lt. W. Villareal and Correctional Counselor T. Schrednitz as defendants.

On March 9, 2005, the Court dismissed the Complaint with leave to amend as Plaintiff failed to state a cognizable claim for relief. Plaintiff filed a First Amended Complaint on May

10, 2005. Plaintiff now names the Jeanne S. Woodford, Director of the California Department of Corrections and Rehabilitation, Edward Alameida, Scribner, Ortiz, Andrews, R. Lopez, Paula Stockman, T. Schrednitz, W. Villareal, V. Yamamoto, T. Norton, Sgt. Monroe, the California Department of Corrections and Does 1 through 20 as Defendants. In addition, where Plaintiff made one due process claim in his original complaint, Plaintiff now lists sixteen (16) causes of action.

A. SUMMARY OF COMPLAINT

As noted above, Plaintiff's First Amended Complaint adds twenty-five new Defendants and fifteen additional claims. In addition, Plaintiff's statement of facts consists of twenty-seven pages of single spaced narrative. As a result, the Court here provides a summary of the complaint as was derived from Plaintiff's initial complaint.

Plaintiff alleges that upon his arrival at Corcoran State Prison, defendants refused to honor Salinas Valley State Prison's (SVSP) classification of plaintiff as an "inactive" gang member/associate. Plaintiff requests that he be removed from the SHU immediately, that the reference to any gang validation be expunged and that he be provided with all information pertaining to his validation as a gang member and compensatory damages of $100 a day for plaintiff's segregation from May 16, 2002 to January 6, 2004.

B. DISCUSSION

*1. Screening Requirement*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### 2. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In this case, the Court has examined Plaintiff's First Amended Complaint and finds that Plaintiff has not linked any of the named Defendants to any act or omission giving rise to any one of the sixteen listed causes of action.  Although Plaintiff provides twenty-seven pages of narrative, he lists his claims for relief separately but does not link in each claim for relief any

individual named in the Complaint. Plaintiff merely alleges generally that his rights under a particular constitutional amendment was violated. It is not the Court's duty to read Plaintiff's narrative and then try to identify which individuals go with each claim stated by Plaintiff. Plaintiff must provide a brief statement of facts linking each Defendant to an a particular act or omission giving rise to each stated claim for relief.

### 3. Rule 8(a)

The Court notes further that Plaintiff's Amended Complaint is quite lengthy with respect to his recitation of facts.

A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

In this instance, the Court finds that Plaintiff's allegations are not sufficient to put any of the Defendants on notice as to which of their actions violated his constitutional rights. As in the case above, the Court will not attempt to link actions from the statement of facts to Plaintiff's allegation a particular right was violated. This responsibility lies with the Plaintiff. Further, that Plaintiff is given the opportunity to amend does not mean that Plaintiff is granted the opportunity continue to add new defendants and claims or make his Amended Complaint even longer than it was originally. In order to provide the Defendants with fair notice of Plaintiff's claims, Plaintiff must conform his Amended Complaint to the rules stated above.

### 4. Exhaustion Requirement

Given Plaintiff is being given the opportunity to Amend and has made numerous additions and defendants that were not present in the prior complaint, the Court takes this opportunity to inform Plaintiff of the exhaustion requirement.

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be

brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' " Porter, 534 U.S. at 524 (*citing* Booth, 532 U.S. at 739 n. 5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002). Thus, Plaintiff *may not* exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

In the event any of Plaintiff's claims are unexhausted under the provisions outlined above, Plaintiff may wish to consider their omission.

**C. APPLICABLE LAW**

***1. Due Process***

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.[1] Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status. See Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976). The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on

---

[1] Merely saying that one has a liberty interest in something is not the same as "establishing" that he has a liberty interest.

the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Under certain circumstances, labeling a prisoner with a particular classification may implicate a liberty interest subject to the protections of due process. Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections.").

### 2. Conspiracy

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

### 3. Equal Protection

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren at 1194.

### 4. Eighth Amendment

1  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
2 conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman,
3 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison
4 officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and
5 personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v.
6 Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from
7 unsafe conditions of confinement, prison officials may be held liable only if they acted with
8 "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124,
9 1128 (9th Cir. 1998).

10 **D. CONCLUSION**

11  The Court finds that Plaintiff's complaint does not contain any claims upon which relief
12 can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with
13 time to file a Second Amended Complaint curing the deficiencies identified above should he
14 wish to do so.

15  Plaintiff must demonstrate in the Second Amended Complaint how the conditions
16 complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625
17 F.2d 227 (9th Cir. 1980). The Second Amended Complaint must specifically state how each
18 Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is
19 some affirmative link or connection between a defendant's actions and the claimed deprivation.
20 Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
21 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22  Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint
23 be complete in itself without reference to any prior pleading. As a general rule, an Amended
24 Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
25 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any
26 function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each
27 claim and the involvement of each defendant must be sufficiently alleged. The Amended
28 Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference

the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The First Amended Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

   a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:**   September 28, 2006           /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE