# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY K. GOMEZ,<br><br>    Plaintiff,<br><br>v.<br><br>M. KALVELAGE, et. al.,<br><br>    Defendants. | 1:04-cv-05495-LJO-GSA (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Docs. 1, 6, 9, 10 & 15) |

## I. FINDINGS

Jeffrey K. Gomez ("Plaintiff") is a state prisoner proceeding pro se. The Court granted Plaintiff's motion to proceed in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on March 29, 2004. (Doc. 1.) On March 9, 2005, the Court issued an order dismissing Plaintiff's complaint for failure to state claims upon which relief could be granted and providing direction for Plaintiff's use in filing an amended complaint. (Doc. 6.) Plaintiff filed his first amended complaint on May 10, 2005. (Doc. 9.) On October 2, 2006, the Court issued an order dismissing Plaintiff's amended complaint with leave to amend. (Doc. 10.) Plaintiff filed his second amended complaint on January 30, 2007. (Doc. 18.)

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.      Summary of Plaintiff's Second Amended Complaint**

Plaintiff is currently a state prisoner at Corcoran State Prison ("CSP-COR") where the acts he complains of occurred. Plaintiff's second amended complaint is forty-seven (47) pages long. A brief summary of the complaint is presented here. Plaintiff names defendants: Deputy Director of the California Department of Corrections M. Kalvelage; former Warden of CSP-COR Albert K. Scribner; Chief Deputy Wardens of CSP-COR D.D. Ortiz, David Stockman, Vicki Yamamoto, James Hartley; Chief Deputy Warden at San Quentin State Prison ("CSP-SQ") S. Yearwood; Correctional Counselors of CSP-COR T. Schrednitz, R. Hall, G. Rangel, Paula Stockman, S. Rocha; Captain of CSP-COR J.R. Andrews; Lieutenants of CSP-COR W. Villareal and T. Norton; Sergeants C. Monroe of CSP-COR and T. Boyll of CSP-Sacramento; Correctional Officers A. Gomez and J.C. Garcia of CSP-COR and Manderville of CSP-SQ; and

defendant Does 1-50, all of whom were involved at some time in depriving Plaintiff of his constitutional rights.

Plaintiff alleges that he was mistakenly classified as a gang member in the Aryan Brotherhood by defendants at CSP-COR. Plaintiff states that he had received a classification status of inactive in the gang. Plaintiff alleges that he was supposed to be released from the security housing unit ("SHU") in May 16, 2003. Plaintiff states that because of concerns regarding Plaintiff's past association with the Aryan Brotherhood, Plaintiff's placement in the SHU at CSP-COR continued for an indeterminate period. Plaintiff states that he received periodic review of his SHU placement and that none of the Institutional Classification Committee ("ICC") hearings decided to release him from SHU to the general population. Plaintiff alleges that defendants violated his freedom of association, engaged in cruel and unusual punishment by placing Plaintiff in SHU, violated due process, and conspired to violate his constitutional rights. (Doc. 18, pp. 7-46.) Plaintiff's second amended complaint suffers from a number of deficiencies which now require dismissal with prejudice.

### C. Claims for Relief

#### 1. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

3

Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff alleges that the supervisory defendants failed to properly supervise and train their subordinates.  Plaintiff has not alleged any facts that the supervisory defendants engaged in some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  A supervisorial role is not sufficient for liability under section 1983.  Plaintiff thus fails to assert a cognizable claim against the supervisory defendants and they are accordingly dismissed from this complaint with prejudice.

### 2. *Procedural Due Process - Placement in the SHU*

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the

4

prisoner where the prisoner is illiterate or the issues presented are legally complex.  Id. at 563-71.  As long as the five minimum Wolff requirements are met, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

"When prison officials limit a prisoner's right to defend himself they must have a legitimate penological interest."  Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense).  The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff."  Ponte v. Real, 471 U.S. 491, 495 (1985); see also Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir. 1996); Koenig, 971 F.2d at 423; Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir. 1987) (per curiam).

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ."  Superintendent v. Hill, 472 U.S. 445, 455 (1985); see Touissaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989); Jancsek, III v. Oregon Bd. Of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987); see also Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence of liberty interest).  "Some evidence" must support the decision of the hearing officer.  Hill, 472 U.S. at 455.  The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . ."  Id. at 455-56 (emphasis added).

Plaintiff does not allege any facts that indicate Plaintiff's placement in the SHU for an indeterminate period was done without any evidence.  Plaintiff disagrees that he should be in the SHU based on his classification as a former associate of the Aryan Brotherhood.  Plaintiff asserts that the reviews of his status by the ICC of CSP-COR were not meaningful.  However, the standard for due process is whether there is any evidence in the record that could support the

conclusion reached.  The ICC of CSP-COR found that Plaintiff's past association merited further review before Plaintiff is released from the SHU.  Plaintiff's past association could constitute a threat to prison staff or other inmates.  This is sufficient evidence that the ICC met its burden regarding due process.  Plaintiff thus has not asserted a cognizable claim that the defendants denied Plaintiff due process.

### 3. *Freedom of Association*

"An inmate does not retain rights inconsistent with proper incarceration," and "freedom of association is among the rights compatible with incarceration." Overton v. Bazzetta, 539 U.S. 126, 131 (2003).  Accordingly, "[s]ome curtailment of that freedom must be expected in the prison context." Id.  The Court added that it was neither holding nor implying "that any right to intimate association is altogether terminated by incarceration or is always irrelevant to claims made by prisoners," but that the regulations at issue here would be upheld because they "b[ore] a rational relation to legitimate penological interests." Id. at 131-32.  In deciding whether a regulation affecting prisoners' constitutional rights survives a constitutional challenge, the Court stated, four factors are relevant: "whether the regulation has a 'valid, rational connection' to a legitimate governmental interest; whether alternative means are open to inmates to exercise the asserted right; what impact an accommodation of the right would have on guards and inmates and prison resources; and whether there are 'ready alternatives' to the regulation." Id. at 132 (quoting Turner v. Safley, 482 U.S. 78, 89-91 (1987)).

Plaintiff complains that his association with other inmates did not consist of furthering illegal prison gang activity.  Plaintiff argues that his placement in the SHU on this basis is not reasonably related to any legitimate penological interest.  However, Plaintiff also alleges that placement in the SHU is typically applicable to gang members and their associates.  Deterring the freedom of association of gang members and their associates is a legitimate penological interest to maintain order and safety in the prison.  Plaintiff's placement in the SHU pending a review of Plaintiff's affiliation with the Aryan Brotherhood gang is thus reasonably related.  Plaintiff fails to assert a cognizable claim under section 1983.

*4. Cruel and Unusual Punishment*

Plaintiff alleges that his placement in the SHU constitutes cruel and unusual punishment. "It is perfectly obvious that every decision to remove a particular inmate from the general prison population for an indeterminate period could not be characterized as cruel and unusual. If new conditions of confinement are not materially different from those affecting other prisoners, a transfer for the duration of a prisoner's sentence might be completely unobjectionable and well within the authority of the prison administrator. Cf. Meachum v. Fano, 427 U.S. 215 (1976). It is equally plain, however, that the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell and a diet of "grue" might be tolerable for a few days and intolerably cruel for weeks or months." Hutto v. Finney, 437 U.S. 678, 686-87 (1978), implicitly overruled on other grounds.

Plaintiff alleges that his placement in the SHU because of a misclassification by the defendants constitutes cruel and unusual punishment. As stated above, however, Plaintiff's continued placement in the SHU is supported by some evidence. The ICC of CSP-COR determined that Plaintiff's prior association with the Aryan Brotherhood gang merited further review before Plaintiff is released from the SHU. Plaintiff's SHU status is reviewed periodically. Plaintiff thus fails to assert a cognizable claim for cruel and unusual punishment.

*5. Conspiracy*

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened

pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted). As such, a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

Plaintiff alleges that all the defendants conspired to deprive Plaintiff of his constitutional rights. This allegation in itself does not rise above the speculative level. Plaintiff thus fails to assert a cognizable claim under section 1983 for a conspiracy to violate Plaintiff's constitutional rights.

## II.     RECOMMENDATION

The Court finds that Plaintiff has failed to state a claim against any of the named defendants. Accordingly, it is HEREBY RECOMMENDED that this entire action be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **October 15, 2008**           /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE