UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFREY K. GOMEZ, | ) | 1:04-cv-05495-LJO-GSA-PC |
| Plaintiff, | ) | |
| | ) | ORDER DENYING REQIEST FOR |
| v. | ) | APPOINTMENT OF COUNSEL |
| | ) | (Doc. 22.) |
| M. KALVELAGE, et al., | ) | |
| Defendants. | ) | |

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This

1

1  court is faced with similar cases almost daily.  Therefore, plaintiff's request for the appointment of
2  counsel shall be denied.
3         In accordance with the above, plaintiff's request for the appointment of counsel is
4  HEREBY DENIED.
5     IT IS SO ORDERED.
6     **Dated:   January 27, 2009**            **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE

2