IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY K. GOMEZ,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>EDWARD S. ALAMEIDA, JR.,<br>et al.,<br><br>　　　　Defendants.<br>_____ / | 1:04-cv-05495-LJO-GSA-PC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATION OF OCTOBER 15, 2008 (Doc. 21.)<br><br>ORDER GRANTING LEAVE TO FILE THIRD AMENDED COMPLAINT (Doc. 22.)<br><br>ORDER FOR CLERK TO SCAN AND FILE THIRD AMENDED COMPLAINT LODGED ON NOVEMBER 20, 2008 (Doc. 23.) |

**I.　BACKGROUND**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on March 29, 2004. (Doc. 1.) On March 9, 2005, the court dismissed the complaint for plaintiff's failure to state a claim, with leave to amend. (Doc. 6.) On May 10, 2005, plaintiff filed an amended complaint. (Doc. 9.) On October 2, 2006, the Court dismissed the amended complaint for plaintiff's failure to state a claim, with leave to file a second amended complaint. (Doc. 10.) On January 30, 2007, plaintiff filed a second amended complaint. (Doc. 18.) On October 15, 2008, the undersigned issued findings and a recommendation to dismiss the second amended complaint for

1

plaintiff's failure to state a claim upon which relief may be granted.  (Doc. 21.)  On November 20, 2008, plaintiff filed objections to the findings and recommendation.  (Doc. 22.)

## II.     PLAINTIFF'S OBJECTIONS

Plaintiff objects to the court's findings and recommendation to dismiss this action, stating that he lacks legal training and education and was only recently able to find another inmate to help him draft a complaint.  Plaintiff asserts that his case has merit, and that he has been languishing in the Security Housing Unit at Corcoran State Prison because of prison officials' disregard for his due process and his reliance upon unreliable information.  Plaintiff has submitted a third amended complaint for the court's review.  In light of these objections and plaintiff's request to amend the complaint, the findings and recommendation of October 15, 2008, shall be vacated.

## III.    RULE 15 – LEAVE TO AMEND

Plaintiff has lodged a third amended complaint and requests leave to file it.  (Doc. 23.) Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Id.  Here, because plaintiff has already amended the complaint twice, leave to amend must be granted by the court before the third amended complaint can be filed.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Here, plaintiff's case has been pending for nearly four years.  On one hand, the delay in litigation will be further extended if plaintiff is given leave to amend.  On the other hand, given that

2

the complaint has not been served and no other party has appeared in the action, amending the complaint once more will not, in itself, prejudice the opposing party. The court has read the third amended complaint and finds no evidence of bad faith. However, plaintiff's ability to state a cognizable claim remains to be seen. Based on these facts, and because "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted), the Court shall grant plaintiff's request to file the third amended complaint, and the Clerk shall be directed to scan and file it.

V.   **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The findings and recommendation of October 15, 2008, are VACATED;
2. Plaintiff's request to file a third amended complaint is GRANTED; and
3. The Clerk of Court is DIRECTED to scan and file plaintiff's third amended complaint which was lodged on November 20, 2008.

IT IS SO ORDERED.

Dated:   **January 27, 2009**          /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

3