1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEFFREY K. GOMEZ,                    1:04-cv-05495-LJO-GSA-PC

12          Plaintiff,                    SCREENING ORDER

13      vs.
                                          ORDER SCREENING THIRD AMENDED
14   EDWARD S. ALAMEIDA, JR.,             COMPLAINT AND REQUIRING PLAINTIFF TO
     et al.,                              FILE A FOURTH AMENDED COMPLAINT
15                                        WITHIN 30 DAYS
            Defendants.
16   _____/

17   **I.      BACKGROUND**

18          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action

19   pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on March 29, 2004.

20   (Doc. 1.)  On March 9, 2005, the court dismissed the complaint for plaintiff's failure to state a claim,

21   with leave to amend.  (Doc. 6.)  On May 10, 2005, plaintiff filed an amended complaint.  (Doc. 9.)  On

22   October 2, 2006, the Court dismissed the amended complaint for plaintiff's failure to state a claim, with

23   leave to file a second amended complaint.  (Doc. 10.)  On January 30, 2007, plaintiff filed a second

24   amended complaint.   (Doc. 18.)   On October 15, 2008, the undersigned issued findings and a

25   recommendation to dismiss the second amended complaint for plaintiff's failure to state a claim upon

26   which relief may be granted.  (Doc. 21.)  On November 20, 2008, plaintiff filed objections to the

27   findings and recommendation and lodged a Third Amended Complaint. (Doc. 22, 23.) On January 27,

28                                          1

2009, the court vacated the findings and recommendation and granted plaintiff leave to file the Third Amended Complaint.  (Doc.25.)  The Third Amended Complaint was filed on January 27, 2009, and is now before the court for screening.  (Doc. 26.)

**II.      SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims."  Id. at 512.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001)).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

1   Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint

2   may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union

3   Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th

4   Cir. 1982)).

5   **III.**     **PLAINTIFF'S CLAIMS**

6      The Third Amended Complaint names seventy-seven (77) defendants, recites over two hundred

7   (200) paragraphs of facts and claims including numerous events occurring as late as May 2005, and

8   includes claims for due process, retaliation, excessive force, and violation of the Americans with

9   Disabilities Act.  A cursory review of the Third Amended Complaint reveals deficiencies that plaintiff

10   will need to cure before this action can go forward, as now discussed.

11      **A.**     **Exhaustion Requirement**

12      The court finds that the Third Amended Complaint includes claims that accrued after this action

13   was filed.  Due to the exhaustion requirement, claims not exhausted before the case was filed are not

14   allowed.  Plaintiff was informed about the exhaustion requirement in the court's prior order.  (Doc. 10

15   at 4-5.)  The court reminds plaintiff that pursuant to the Prison Litigation Reform Act of 1995, "[n]o

16   action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal

17   law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

18   remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion must occur *prior* to filing

19   suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The section 1997e(a) exhaustion

20   requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532

21   (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal

22   standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (citing to Booth v.

23   Churner, 532 U.S. 731, 739 n.5 (2001)).  Prisoners must complete the prison's administrative process,

24   regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long

25   as the administrative process can provide some sort of relief on the complaint stated.  Booth, 532 U.S.

26   at 741.

27   ///

28                           3

In light of section 1997e(a), plaintiff may not add new and unrelated claims that arose after March 29, 2004, the date this suit was filed.  In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000).  Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." Id. at 983; see also Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor).  Allowing plaintiff to pursue the claims he added in his Third Amended Complaint would allow plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit.  McKinney, 311 F.3d at 1199-1201.

Because all claims at issue in this action must have been exhausted by March 29, 2004, the claims in the Third Amended Complaint cannot go forward without revision.  Therefore, the court shall require plaintiff to file a Fourth Amended Complaint which omits all of the claims he is now attempting to pursue that are new and unrelated to the claims at issue in the original complaint and were not fully exhausted on or before March 29, 2004.

**B.    Rule 18**

Plaintiff is advised that he must also comply with Rule 18 of the Federal Rules of Civil Procedure when he prepares the Fourth Amended Complaint.  "The controlling principle appears in Fed.R.Civ.P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Many of the defendants named and claims brought in the Third Amended Complaint were added after the original complaint was

4

dismissed.[1]   Plaintiff must carefully review each claim for compliance with Rule 18 before including it in the Fourth Amended Complaint.

Plaintiff must demonstrate in the Fourth Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The Fourth Amended Complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir.  1980); Johnson, 588 F.2d at 743.

**Plaintiff is again reminded that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after March 29, 2004. In addition, plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on March 29, 2004.**

Finally, plaintiff is reminded that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir.  1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The Fourth Amended Complaint should be clearly and boldly titled "Fourth Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

**IV.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Due to deficiencies in the Third Amended Complaint, plaintiff is REQUIRED to file a Fourth Amended Complaint, within thirty days of the date of service of this order;

///

---

[1]The original complaint named only six (6) defendants and brought only one claim, for violation of plaintiff's due process rights.  (Doc. 1.)

2.    Plaintiff shall caption the Fourth Amended Complaint "Fourth Amended Complaint"

and refer to the case number 1:04-cv-05495-LJO-GSA-PC;

3.    The Clerk of Court is DIRECTED to send to plaintiff a § 1983 amended complaint form;

4.    If plaintiff files a Fourth Amended Complaint which fails to state a claim upon which

relief may be granted, the Court shall recommend that this action be dismissed in its

entirety for plaintiff's failure to state a claim; and

5.    Plaintiff's failure to comply with this order shall result in a recommendation that this

action be dismissed for failure to obey a court order.


IT IS SO ORDERED.

Dated:   **January 28, 2009**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

6