# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY K. GOMEZ, | 1:04-cv-05495-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR REMOVAL OF MAGISTRATE JUDGE GARY S. AUSTIN FROM CASE |
| v. | |
| EDWARD S. ALAMEIDA, JR., et al., | |
| Defendants. | |

Jeffrey K. Gomez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. On February 11, 2011, Plaintiff filed a motion for the removal of Magistrate Judge Gary S. Austin from this case. (Doc. 51.)

A judge must disqualify him or herself where there is bias or prejudice for or against a party. Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045-46 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct. 2535, 110 L.Ed.2d 492 (1990). The bias must arise from an extra-judicial source and cannot be based solely on information gained in the course of the proceedings. Id. at 1046; In re Corey, 892 F.2d 829, 839 (9th Cir. 1989). A judge's rulings while presiding over a case do not constitute extra-judicial conduct. Nilsson, et al., v. Louisiana Hydrolec, 854 F.2d 1538, 1548 (9th Cir. 1988). " 'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.' " In re Focus Media, Inc., 378 F.3d 916,

1

930 (9th Cir.2004) (quoting <u>Liteky v. United States</u>, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)). " 'In and of themselves .., they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.' " <u>Id.</u>  Under 28 U.S.C. § 144, "[W]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

Plaintiff argues that Magistrate Judge Gary S. Austin should be removed from this case because his rulings in this action demonstrate abuse of discretion and discrimination. Specifically, Plaintiff takes issue with two rulings by the Magistrate Judge:  the July 17, 2009 order denying Plaintiff's motion for appointment of counsel; and the February 24, 2011 recommendation that certain defendants and claims be dismissed from this action.  Plaintiff asserts that the order denying appointment of counsel "displays discrimination toward prisoner litigants because I have been unable to find a single prisoner to whom Magistrate Austin has found 'the required exceptional circumstances' referenced." Doc. 51 at 1-2.  Plaintiff contends that the recommendation to dismiss claims and defendants from this action is "clearly erroneous and contrary to law," "constitutes an ongoing impediment to my right to redress grievances," and "intentionally nit-pick[s] with 'legal technicalities' that are contrary to the mandatory liberal construing I am entitled." <u>Id.</u> at 1.  Plaintiff maintains that he is "prejudiced because the statute of limitation is running and defendants will become unavailable for service of summons and complaint." <u>Id.</u>

Plaintiff's motion for removal or recusal must be denied, because a judge's rulings while presiding over a case do not constitute extra-judicial conduct.  See <u>Nilsson</u>, 854 F.2d at 1548. All of Plaintiff's allegations stem from rulings made by Magistrate Judge Austin while presiding over Plaintiff's present case.  Plaintiff's disagreement with the Court's rulings is not a legitimate ground for seeking removal or recusal, and Plaintiff's motion shall be denied, with prejudice.

///

1 | Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for removal of
2 | Magistrate Judge Gary S. Austin, filed on February 11, 2011, is DENIED, with prejudice.
3 |
4 | IT IS SO ORDERED.
5 | Dated:   **February 25, 2011**             /s/ Gary S. Austin
  |                                   UNITED STATES MAGISTRATE JUDGE