**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY K. GOMEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD S. ALAMEIDA, JR., et al.,<br><br>　　　　Defendants. | 1:04-cv-05495-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE APPEAL AND MOTION FOR CERTIFICATE OF APPEALABILITY<br><br>(Doc. 63.) |

**I.   BACKGROUND**

Jeffrey K. Gomez ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on Plaintiff's Fourth Amended Complaint filed on August 14, 2009, against defendant D. Ortiz, for retaliation under the First Amendment.[1] On July 11, 2011, Plaintiff filed a motion for an extension of time to file a notice of appeal to the Ninth Circuit. (Doc. 63.) Plaintiff also brings a motion for a certificate of appealability. Id.

**II.   MOTION FOR EXTENSION OF TIME TO FILE APPEAL**

Under Rule 4(a) of the Federal Rules of Appellate Procedure, a "notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed.

---

[1] All other claims and defendants were dismissed from this action by the Court on February 24, 2011, based on Plaintiff's failure to state a claim. (Doc. 52.)

1

1 R. App. P. 4(a)(1)(A). However, the district court may extend time to file a notice of appeal if a party
2 moves no later than thirty days after the time for filing a notice of appeal expires, and the party shows
3 excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A).

4     Plaintiff requests an extension of time in which to appeal the "Judgment" in this action "entered
5 on February 24, 2011." (Plaintiff's Declaration, Doc. 64 at 1:11-12.) Plaintiff asserts he was unable to
6 file a timely notice of appeal because it took him two months to gain access to the law library and learn
7 about filing an appeal. Plaintiff also claims it takes two weeks to obtain the copies required by the court.

8     Final judgment has not been entered in this action. The order of February 24, 2011 which
9 Plaintiff seeks to appeal is an order dismissing certain claims and defendants from the complaint based
10 on Plaintiff's failure to state a claim. (Doc. 52.) Under Rule 4(a), Plaintiff's notice of appeal was due
11 within thirty days after February 24, 2011, and Plaintiff was allowed thirty more days in which to file
12 a motion for extension of time. Plaintiff's motion for extension of time, filed on July 11, 2011, was filed
13 well after the thirty-day time period allowed by Rule 4(a)(5)(A). Therefore, Plaintiff is not entitled to
14 an extension of time to appeal the Court's February 24, 2011 order. Moreover, Plaintiff has not shown
15 good cause for an extension of time. Plaintiff's argument that he required two months to learn about
16 filing appeals is unpersuasive, because Plaintiff has filed two previous appeals in the present action and
17 therefore cannot claim to be unknowledgeable about filing appeals. Accordingly, Plaintiff's motion for
18 an extension of time shall be denied.

19 **III.    MOTION FOR CERTIFICATE OF APPEALABILITY**

20     Plaintiff also requests a certificate of appealability with respect to the appeal he seeks to file.
21 Rule 22 of the Federal Rules of Appellate Procedure requires that an applicant who files a notice of
22 appeal *in a habeas proceeding* must obtain a certificate of appealability under 28 U.S.C. § 2253(c), or
23 a statement why a certificate should not issue, from the district judge who rendered judgment in the
24 action. Fed. R. App. P. 22(b) (emphasis added). Rule 22 does not apply to Plaintiff's appeal, because
25 Plaintiff is proceeding with a civil rights action pursuant to 42 U.S.C. § 1983, not a habeas proceeding.
26 Therefore, Plaintiff's motion for a certificate of appealability shall be denied.

27 ///

28

**IV.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file a notice of appeal is DENIED;
2. Plaintiff's motion for a certificate of appealability is DENIED; and
3. The Clerk is DIRECTED to serve a copy of this order on the Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **July 13, 2011**                    /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

3