# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KEVIN GOMEZ, | 1:04-cv-05495-LJO-GSA PC |
| Plaintiff, | ORDER STRIKING NOTICE |
| v. | (Doc. 103.) |
| EDWAQRD S. ALAMEIDA, JR.,<br>et al., | |
| Defendants. | |

## I.   BACKGROUND

Jeffrey Kevin Gomez ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds with Plaintiff's Fourth Amended Complaint filed on August 14, 2009, against defendant D. Ortiz ("Defendant"), for retaliation in violation of the First Amendment.  (Doc. 46.)  Plaintiff is presently housed at Corcoran State Prison ("CSP") in Corcoran, California.

On August 20, 2012, Defendant filed a  motion for summary judgment, which is pending.  (Doc. 89.)  On October 15, 2012, Plaintiff filed an opposition to the motion, and on October 22, 2012, Defendant filed a reply.  (Docs. 96, 100.)

On November 19, 2012, Andrew R. Lopez, a state prisoner also housed at CSP, filed what he entitled a next of friend notice.  (Doc. 103.)  The intent of the notice is to inform the court of fraud

1

1  committed by Defendant in this action, to request appointment of counsel for Plaintiff, and to oppose

2  Defendant's motion for summary judgment.

3  **II.    STANDING**

4      Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must

5  have before it an actual case or controversy.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103

6  S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and</u>

7  <u>State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d

8  1118, 1126 (9th Cir. 2006).  "At its constitutional core, standing is a manifestation of the Article III

9  case-or-controversy requirement; it is the determination of whether a specific person is the proper

10  party to invoke the power of a federal court."  <u>Coalition of Clergy, Lawyers, and Professors v. Bush</u>

11  310 F.3d 1153, 1157 (9th Cir. 2002).  "As the United States Supreme Court has stated, '[i]n essence

12  the question of standing is whether the litigant is entitled to have the court decide the merits of the

13  dispute or of particular issues.' "  <u>Id.</u> (quoting <u>Warth v. Seldin</u>, 422 U.S. 490, 498, 95 S.Ct. 2197, 45

14  L.Ed.2d 343 (1975)).

15      **A.    NEXT FRIEND STANDING – 28 U.S.C. § 2242**

16      Andrew R. Lopez seeks to appear on Plaintiff's behalf as a "next friend."  "Next-friend"

17  standing is a species of third-party standing pursuant to 28 U.S.C. § 2242, in which a third party

18  appears in a petition for writ of habeas corpus on behalf of a detained prisoner who is himself unable

19  to seek relief.  <u>See</u> <u>Coalition of Clergy, Lawyers, and Professors</u>, 310 F. 3d 1153.   Section 2242

20  provides, "Application for a writ of habeas corpus shall be in writing signed and verified by the

21  person for whose relief it is intended *or by someone acting in his behalf*."  28 U.S.C. § 2242

22  (emphasis added).

23      In this case, Andrew R. Lopez has appeared as a third party on Plaintiff's behalf.  However,

24  this action is not a habeas corpus action.  Therefore, Andrew R. Lopez lacks standing to appear as

25  a "next friend" under 28 U.S.C. § 2242.  However, "next friend" standing is not the only type of third

26  party standing.

27  ///

28  ///

**B.     THIRD PARTY STANDING**

"It is a well-established rule that a litigant may assert only his own legal rights and interests and cannot rest a claim to relief on the legal rights or interests of third parties." Coalition of Clergy, Lawyers, and Professors at 1163 (citing Singleton v. Wulff, 428 U.S. 106, 113-114, 98 S. Ct. 2868 (1976); Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197 (1975)).  However, in Powers v. Ohio, 499 U.S. 400, 410-11, 1111 S.Ct. 1364 (1911), the United States Supreme Court made an exception and "upheld a litigant's third-party standing to raise equal protection claims of jurors peremptorily challenged due to race," recognizing "three requirements for would-be third-party petitioners... '[t]he litigant must have suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests.' " Coalition of Clergy, Lawyers, and Professors at 1163 (quoting Powers at 410-11).

Andrew R. Lopez is not a party to this litigation.  He asserts that he is "somewhat familiar with plaintiff Gomez's legal claims because, in October 2008 [he] drafted [Gomez's] Amended Complaint – and was moved away from him within days of completing it." (Notice, Doc. 103 at 1:19-23.) Lopez asserts that he had a conversation with Plaintiff on November 6, 2012 and reviewed Defendant's reply to Plaintiff's opposition to Defendant's motion for summary judgment, after which he determined that Plaintiff has suffered prejudice, is being taken advantage of, and should be appointed counsel. (Id. at 1-2.) Lopez proceeded to file the present notice, making arguments on Plaintiff's behalf in response to Defendant's reply.

Andrew R. Lopez has demonstrated that he and Plaintiff have a close relationship, because Lopez assisted Plaintiff in preparing Plaintiff's amended complaint and they had a conversation in November 2012.  However, Lopez has not identified any "injury in fact" suffered by him personally, "other than the psychological consequence presumably produced by observation of conduct with which one disagrees, ... which is not an injury sufficient to confer standing under Art. III." Coalition of Clergy, Lawyers, and Professors at 1163 (quoting Valley Forge Christian College, 454 U.S. at 485-86.  Therefore, Lopez has not satisfied the "injury in fact" requirement for would-be third party petitioners, and he cannot assert third-party standing on behalf of Plaintiff.

1    **III.    CONCLUSION**

2          Based on the foregoing, the Court finds no third-party standing for Andrew R. Lopez which

3    permits him to act on Plaintiff's behalf in making arguments or bringing motions in this action.

4    Accordingly, IT IS HEREBY ORDERED that the notice filed by third party Andrew R. Lopez on

5    November 19, 2012, is STRICKEN from the record.

6

7          IT IS SO ORDERED.

8     **Dated:    November 27, 2012**                    **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4