UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KEVIN GOMEZ,<br><br>    Plaintiff,<br><br>  vs.<br><br>EDWARD S. ALAMEIDA, JR., et al.,<br><br>    Defendants. | 1:04-cv-05495-LJO-GSA-PC<br><br>ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO ARGUE LACK OF EXHAUSTION IN MOTION FOR SUMMARY JUDGMENT (Doc. 88.)<br><br>ORDER EXTENDING DEADLINE TO FILE UNENUMERATED 12(b) MOTIONS NUNC PRO TUNC TO AUGUST 20, 2012 |

### I.    BACKGROUND

Jeffrey Kevin Gomez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds with Plaintiff's Fourth Amended Complaint filed on August 14, 2009, against defendant D. Ortiz ("Defendant") for retaliation in violation of the First Amendment.[1]  (Doc. 46.)  On August 20, 2012, Defendant filed a motion for summary judgment, together with an ex parte application for leave to argue lack of exhaustion of administrative remedies in the motion for summary judgment.  (Docs. 88, 89.)

///

---

[1] On February 24, 2011, the Court dismissed all other claims and defendants from this action, based on lack of venue, violation of Rule 18, and failure to state a claim upon which relief may be granted.  (Doc. 52.)

1

Defendant's ex parte application for leave to argue lack of exhaustion of administrative remedies is now before the Court.  Plaintiff has not filed an opposition.

## II.    DEFENDANT'S REQUEST TO BRING MOTION FOR FAILURE TO EXHAUST

### A.    Motion to Modify Scheduling Order

Defendant requests leave to bring a motion for failure to exhaust remedies after the deadline set by the Court's scheduling order of September 8, 2011.  Therefore, the Court first addresses Defendant's request to modify the scheduling order.

### *Legal Standard*

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

### *Defendant's Request*

Defendant requests modification of the Court's scheduling order, to extend the deadline for filing unenumerated 12(b) motions for leave to exhaust administrative remedies.  On September 8, 2011, the Court issued a discovery and scheduling order which established a deadline of November 8, 2011, for the filing of unenumerated 12(b) motions. (Declaration of M. Wrosch at ¶4; Court Doc. 76.)  At that time, Defendant's counsel M. Kosla erroneously believed that Plaintiff had exhausted administrative remedies, and thus did not file an unenumerated 12(b) motion. (Id. at ¶5.)  On or about July 13, 2012, this matter was transferred to Defendant's current counsel M. Wrosch. (Id. at ¶6.)  In preparation for filing a motion for summary judgment, Defendant's current counsel determined that Plaintiff did not file any appeal alleging that Defendant placed him in the SHU in retaliation for submitting administrative appeals. (Id. at ¶7.)  Defendant argues that under the circumstances, the deadline should be extended

so that a potentially dispositive issue can be addressed now, as opposed to later at trial, should Defendant's summary judgment motion be denied.

### *Discussion*

Defendant has shown good cause for modification of the Court's scheduling order to extend the deadline for the filing of unenumerated 12(b) motions. Defendant has shown that, due to a decision made before he was assigned as Defendant's counsel, he was unable to file an unenumerated 12(b) motion before the deadline established by the Court's scheduling order, despite his due diligence. Therefore, Defendant's request to modify the scheduling order shall be granted, and the deadline for filing unenumerated 12(b) motions shall be extended nunc pro tunc to August 20, 2012.

### B. Request to Argue Failure to Exhaust in Motion for Summary Judgment

Defendant also requests leave to address Plaintiff's failure to exhaust administrative remedies in the motion for summary judgment filed on August 20, 2012.

### *Legal Standard*

The Ninth Circuit has held that "the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir.1988) (per curiam); see also Inlandboatmens Union of the Pac. v. Dutra Group, 279 F.3d 1075, 1078 n.1, 1083–84 (9th Cir.2002); Stauffer Chem. Co. v. FDA, 670 F.2d 106, 108 (9th Cir.1982); Studio Elec. Technicians Local 728 v. Int'l Photographers of the Motion Picture Indus. Local 659, 598 F.2d 551, 552 n.2 (9th Cir.1979)). "These decisions are based on the general principle that "[s]ummary judgment is on the merits," Stauffer Chem., 670 F.2d at 108, whereas dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits."' Id. (quoting Heath v. Cleary, 708 F.2d 1376, 1380 n.4 (9th Cir.1983)). The distinction between summary judgment and dismissal for matters in abatement bears on the district court's authority to resolve factual disputes and thus affects the standard of review to be applied by [the] court. Ritza, 837 F.2d at 369 (in ruling on motion for summary judgment, court should not resolve material factual issues, whereas with matters in abatement, the court

3

has discretion to resolve factual disputes).  It is error for a court to review an affirmative defense of nonexhaustion under the summary judgment standard.  See Albino v. Baca, 697 F.3d 1023, 1029 (9th Cir. 2012).  However, a court may properly treat a summary judgment motion as a motion to dismiss when the summary judgment motion seeks dismissal of § 1983 claims based on alleged failure to exhaust.  Id.

### *Defendant's Request*

Defendant requests leave of this Court to present an argument in his summary judgment motion regarding Plaintiff's failure to exhaust administrative remedies, in an attempt to address a potentially dispositive issue now, as opposed to later at trial, should Defendant's summary judgment motion be denied.

### *Discussion*

Defendant filed his pending summary judgment motion on August 20, 2012, arguing that (1) Plaintiff's cause of action for a First Amendment violation fails as a matter of law; that (2) Defendant is entitled to qualified immunity; and also arguing that (3) Defendant did not exhaust his administrative remedies prior to filing suit.  (Doc. 89.)  On October 15, 2012, Plaintiff filed an opposition to the motion, addressing all three of Defendant's arguments.  (Doc. 96.)  On October 22, 2012, Defendant filed a reply to Plaintiff's opposition.  (Doc. 100.)

In the interest of judicial economy, and good cause appearing, the Court shall allow Defendant to address Plaintiff's failure to exhaust administrative remedies in his pending motion for summary judgment.  The Court shall treat Defendant's motion concerning failure to exhaust as an unenumerated 12(b) motion to dismiss, separate and apart from Defendant's arguments in support of summary judgment.  Accordingly, Defendant's ex parte application shall be granted.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's ex parte application, filed on August 20, 2012, is GRANTED;
2. The deadline for filing unenumerated 12(b) motions, established by the Court's scheduling order of September 8, 2011, is extended nunc pro tunc to August 20, 2012;

and

3. Defendant is granted leave to argue Plaintiff's failure to exhaust administrative remedies in his motion for summary judgment filed on August 20, 2012.

IT IS SO ORDERED.

**Dated:   January 22, 2013**              /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

5