IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KEVIN GOMEZ, | 1:04-cv-05495-LJO-GSA (PC) |
| Plaintiff, | **NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANT'S MOTION TO DISMISS** |
| vs. | ORDER PERMITTING PLAINTIFF OPPORTUNITY TO WITHDRAW |
| EDWARD S. ALAMEIDA, JR., et al., | OPPOSITION AND FILE AMENDED OPPOSITION IN LIGHT OF WYATT NOTICE AND WARNING |
| | THIRTY DAY DEADLINE |
| Defendants. | ORDER VACATING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT/MOTION TO DISMISS FROM COURT CALENDAR |
| | (Doc. 89.) |

## I.  BACKGROUND

Jeffrey Kevin Gomez ("Plaintiff") is a prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds with Plaintiff's Fourth Amended Complaint filed on August 14, 2009, against defendant D. Ortiz ("Defendant") for retaliation in violation of the First Amendment.[1]  (Doc. 46.)  On August 20, 2012, Defendant filed a motion for

---

[1] On February 24, 2011, the Court dismissed all other claims and defendants from this action, based on lack of venue, violation of Rule 18, and failure to state a claim upon which relief may be granted.  (Doc. 52.)

1

summary judgment which contains both (1) a motion for summary judgment and (2) a motion to dismiss for failure to exhaust remedies.[2]  (Doc. 89.)  On October 15, 2012, Plaintiff filed an opposition to the motion for summary judgment/motion to dismiss.  (Doc. 96.)  On October 22, 2012, Defendant filed a reply to the opposition.  (Doc. 100.)

Defendant and the Court provided Plaintiff with a Rand[3] Notice and Warning, pursuant to the Ninth Circuit's requirement in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), informing him of his rights and responsibilities in opposing Defendant's motion for summary judgment.  (Docs. 90, 91.)  However, Plaintiff has not been given the required Wyatt[4] Notice and Warning, pursuant to Woods, notifying him of his rights and responsibilities in opposing Defendant's motion to dismiss for failure to exhaust.  Therefore, the Court shall, by this order, provide Plaintiff with a Wyatt Notice and Warning and allow him an opportunity to withdraw his opposition to Defendant's pending motion and file an amended opposition.

## II.   WYATT NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANT'S MOTION TO DISMISS

Pursuant to Woods, 684 F.3d 934 and Wyatt, 315 F.3d 1108, the Court now hereby notifies Plaintiff of the following rights and requirements for opposing the motion to dismiss:

> **Defendant has filed a motion to dismiss for failure to exhaust the administrative remedies as to one or more claims in the complaint.  The failure to exhaust the administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)).  In deciding a motion to dismiss for failure to exhaust, the Court**

---

[2] On August 20, 2012, Defendant filed an ex parte application for leave to argue lack of exhaustion of administrative remedies in the pending motion for summary judgment. (Doc. 88.) On January 22, 2013, the Court granted Defendant's application nunc pro tunc. (Doc. 106.)

[3] Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc).

[4] Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003)

2

1  **will look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315**
2  **F.3d at 1119-20 (quoting Ritza, 837 F.2d at 368).  If the Court concludes that**
3  **Plaintiff has not exhausted the administrative remedies, the unexhausted**
4  **claims must be dismissed and the Court will grant the motion to dismiss.**
5  **Wyatt, 315 F.3d at 1120.  If all of the claims are unexhausted, the case will be**
6  **dismissed, which means Plaintiff's case is over.  If some of the claims are**
7  **exhausted and some are unexhausted, the unexhausted claims will be**
8  **dismissed and the case will proceed forward only on the exhausted claims.**
9  **Jones v. Bock, 549 U.S. 199, 219-224, 127 S. Ct. 910, 923-26 (2007).  A dismissal**
10 **for failure to exhaust is without prejudice.  Wyatt, 315 F.3d at 1120.**

11 **If responding to Defendant's unenumerated 12(b) motion to dismiss for**
12 **failure to exhaust the administrative remedies, Plaintiff may not simply rely**
13 **on allegations in the complaint.  Instead, Plaintiff must oppose the motion by**
14 **setting forth specific facts in declaration(s) and/or by submitting other**
15 **evidence regarding the exhaustion of administrative remedies.  See Fed. R.**
16 **Civ. P. 43(c); Ritza, 837 F.2d at 369.  If Plaintiff does not submit his own**
17 **evidence in opposition, the Court may conclude that Plaintiff has not**
18 **exhausted the administrative remedies and the case will be dismissed in whole**
19 **or in part.**

20 **Unsigned declarations will be stricken, and declarations not signed**
21 **under penalty of perjury have no evidentiary value.**

22 **III.   CONCLUSION AND ORDER**

23 In light of the Ninth Circuit's decision in Woods, Plaintiff has been provided with "fair
24 notice" of the requirements for opposing a motion to dismiss for failure to exhaust remedies.  The
25 Court finds good cause at this juncture to open a thirty-day time period for Plaintiff to file further
26 opposition to the pending motion for summary judgment/motion to dismiss, if he so wishes.  The
27
28                                                              3

Court will not consider multiple oppositions, however, and Plaintiff has two options upon receipt of this order. Plaintiff may either (1) stand on his previously-filed opposition or (2) withdraw it and file an Amended Opposition.[5] The Amended Opposition, if any, must be complete in itself and must not refer back to any of the opposition documents Plaintiff filed on October 15, 2012. L.R. 220.[6]

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff may, within **thirty (30) days** from the date of service of this order, withdraw his opposition and file an Amended Opposition to Defendants' motion for summary judgment/motion to dismiss of August 20, 2012;

2. If Plaintiff does not file an Amended Opposition in response to this order, his existing opposition, filed on October 15, 2012, will be considered in resolving Defendant's motion for summary judgment/motion to dismiss;

3. If Plaintiff elects to file an Amended Opposition, Defendant may file a reply pursuant to Local Rule 230(l); and

4. In light of 28 U.S.C. § 476(a)(1), the Civil Justice Reform Act, Defendant's motion for summary judgment/motion to dismiss, filed on August 20, 2012, is HEREBY DEEMED VACATED from the Court's calendar until the time has expired for

///
///
///
///

---

[5] The Court notes the comprehensive nature of Plaintiff's existing opposition, but its adequacy is apparently irrelevant. Plaintiff is entitled to an opportunity to file an amended opposition following "fair notice" to him of the requirements for opposing a motion to dismiss for failure to exhaust. Woods, 684 F.3d at 940.

[6] Local Rule 220 provides, in part: "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading."

Plaintiff to file an amended opposition and for Defendant to reply, and the motion is deemed submitted pursuant to Local Rule 230(l).

IT IS SO ORDERED.

Dated: **February 11, 2013**         /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE