UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KEVIN GOMEZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>EDWARD S. ALAMEIDA, JR., et al.,<br><br>          Defendants. | 1:04-cv-05495-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR APPOINTMENT OF COUNSEL<br>(Doc. 117.) |

**I.     BACKGROUND**

Jeffrey Kevin Gomez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 29, 2004. (Doc. 1.)

On May 17, 2013, the Magistrate Judge entered findings and recommendations to dismiss this action pursuant to 42 U.S.C. § 1997e(a), based on Plaintiff's failure to exhaust administrative remedies before filing suit. (Doc. 111.) On June 25, 2013, the undersigned adopted the findings and recommendations in full and dismissed this action without prejudice. (Doc. 112.)

On July 18, 2013, Plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals. (Doc. 120.)

///

1

Also on July 18, 2013, Plaintiff filed objections to the Magistrate's findings and recommendations of May 17, 2013. (Doc. 117.) Because the findings and recommendations were adopted in full by the undersigned on June 25, 2013, the court construes Plaintiff's objections as a motion for reconsideration of the order adopting the findings and recommendations. Plaintiff also requests appointment of counsel.

Plaintiff's motion for reconsideration and motion for counsel are now before the court.

## II. MOTION FOR RECONSIDERATION

### A. Legal Standard

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).

The court has reviewed Plaintiff's motion for reconsideration. Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

## III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests court-appointed counsel. In light of the fact that this case was dismissed and closed on June 25, 2013, and Plaintiff has appealed the district court's decision to the Ninth Circuit Court of Appeals, Plaintiff's motion for counsel is more properly brought at the Ninth Circuit. Therefore, Plaintiff's request for court-appointed counsel shall be denied.

///

## IV.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration and motion for appointment of counsel, filed on July 18, 2013, are DENIED.

IT IS SO ORDERED.

  Dated:  **July 19, 2013**                         **/s/ Lawrence J. O'Neill**
                                               UNITED STATES DISTRICT JUDGE